Filed 7/11/23  Vacation Rental Owners and Neighbors of Rancho Mirage v. City of Rancho Mirage CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| VACATION RENTAL OWNERS AND NEIGHBORS OF RANCHO MIRAGE et al., | E077118 |
| Plaintiffs and Respondents, | (Super.Ct.No. CVRI2100368) |
| v. | OPINION |
| CITY OF RANCHO MIRAGE et al., | |
| Defendants and Appellants. | |

APPEAL from the Superior Court of Riverside County.  Russell L. Moore, Judge.  Affirmed.

Law Offices of Quintanilla & Associates, Michael R. Cobden, Steven B. Quintanilla, Colin D. Kirkpatrick; Colantuono, Highsmith & Whatley, Holly O. Whatley and Alena Shamos for Defendants and Appellants.

Slovak, Baron, Empey, Murphy & Pinkney, and Shaun M. Murphy for Plaintiffs and Respondents.

1

Timothy Sandefur for Scharf-Norton Center for Constitutional Litigation at the Goldwater Institute as Amicus Curiae on behalf of Plaintiffs and Respondents Vacation Rental Owners and Neighbors of Rancho Mirage.

Vacation Rental Owners and Neighbors of Rancho Mirage and Allicia Louisa Davis (collectively, Vacation Rental) filed a petition for writ of mandamus and a complaint for declaratory and injunctive relief against the City of Rancho Mirage (the City) and its city council (the city council) (collectively, the municipal defendants), challenging the validity of a local ordinance that bans short-term rental units in most residential neighborhoods in the City. The municipal defendants moved to strike under Code of Civil Procedure section 425.16, the anti-SLAPP statute, and the trial court denied the motion.[1] (Undesignated statutory references are to the Code of Civil Procedure.) On appeal, the municipal defendants contend that the trial court erred by concluding that the claims did not arise from protected activity. We disagree and affirm.

BACKGROUND

A. *The City's Regulation of Short-Term Rentals*

In November 2020, a majority of the city council approved and adopted Ordinance No. 1174 (Ordinance 1174), which became effective the following month. Ordinance 1174 prohibits short-term rentals in all public neighborhoods and in any common interest development imposing such a restriction. Public neighborhoods are defined as nongated

---

[1]     "SLAPP is an acronym for 'strategic lawsuit against public participation.'" (*Jarrow Formulas, Inc. v. LaMarche* (2003) 31 Cal.4th 728, 732, fn. 1.)

neighborhoods not governed by conditions, covenants, and restrictions and in which residential parcels abut public streets. Common interest developments are defined as any development subject to the provisions of the Davis–Stirling Common Interest Development Act, Civil Code section 4000 et seq.

To rent an eligible property as a short-term rental, an owner must obtain a short-term rental certificate from the City. The certificate must be renewed annually. Any property owner who had a valid certificate when Ordinance 1174 became effective for a property that was made ineligible for short-term rentals by the new law would not be permitted to renew the certificate or to apply for a new certificate.

According to the recitals in Ordinance 1174, the city council adopted it because the city council found that even though short-term rentals provided the City with additional tax revenue, "there [were] various secondary negative effects associated with the use of residential dwellings as short-term rentals in residential neighborhoods." Staff members of the City had monitored the impacts that short-term rentals had on neighborhoods and had received complaints and feedback concerning short-term rentals. The City's staff recommended that the city council adopt a ban on short-term rentals as outlined in Ordinance 1174 "to preserve the public health, safety, welfare, and character" in public neighborhoods and in common interest developments that had "determined that short-term rentals are not a permitted use of property."

B. *The Litigation*

Vacation Rental Owners and Neighbors of Rancho Mirage is a nonprofit organization whose members include owners of short-term rental units. The

3

organization's "exclusive purpose is to advance and protect the interests of law-abiding [short-term rental] operators" in the City. Davis owns a property in the City that was permitted to be used as a short-term rental before Ordinance 1174 became effective.

In January 2021, Vacation Rental filed a 153-page verified petition for writ of mandate and a complaint for declaratory and injunctive relief (the petition) against the City, the city council, and individual city council members (the individual defendants).[2] The petition contained general allegations outlining the City's historic treatment of short-term rentals, starting in 2011, when they were allowed.

Vacation Rental generally alleged that "Ordinance 1174 appear[ed] out of nowhere" and was "a complete about-face from the City's previous proclamations that the [short-term rental] program is successful and that [short-term rentals] do not negatively affect neighborhoods." (Boldface and initial capitalization omitted.) According to Vacation Rental, Ordinance 1174 "is contrary to every stated City policy and goal" and was adopted despite the fact that the City had otherwise stated that the short-term rental program was successful.

Vacation Rental initiated the action to "enjoin the enforcement of and preclude the operation of" Ordinance 1174. To that end, the petition alleged the following 13 claims: (1) Ordinance 1174 is unconstitutionally vague; (2) Ordinance 1174 violates local and state land use and zoning mandates; (3) Ordinance 1174 is inconsistent with the City's

---

[2]     The petition was filed by numerous other entities and one other individual. Only Davis and Vacation Rental Owners and Neighbors of Rancho Mirage have appeared as respondents on appeal.

general plan; (4) the City failed to comply with the California Environmental Quality Act in enacting Ordinance 1174; (5) Ordinance 1174 violates the Subdivision Map Act and unlawfully delegates duties; (6) Ordinance 1174 is void because it was not adopted according to state and local procedural requirements; (7) the City failed to give proper notice before enacting Ordinance 1174; (8) Ordinance 1174 violates state and federal procedural due process; (9) Ordinance 1174 violates state and federal substantive due process; (10) Ordinance 1174 is unconstitutional because it is not supported by any rational basis; (11) Ordinance 1174 violates equal protection, uniformity mandates, and petitioners' right to contract; (12) Ordinance 1174 is an unlawful taking of property; and (13) Ordinance 1174 violates the interstate commerce clause and the right to travel.

C. *The Anti-SLAPP Motion*

Defendants filed an anti-SLAPP motion, seeking to strike the entirety of all 13 claims against them. They argued that all of the claims arose from protected activity. Defendants acknowledged that the complaint "center[ed] around the substance of [Ordinance 1174]: the so-called 'ban' on short-term rentals," but defendants claimed that "the true focus of the case" was "a policy dispute between [Vacation Rental] and" the city council. The individual defendants argued that the petition "include[d] many paragraphs which focus entirely on the Councilmembers' statements and expressed policy rationale for adopting [Ordinance 1174], including lengthy quotations from the meetings." Defendants contended that "[a] so-called 'mixed cause of action' is subject to the anti-SLAPP statute 'if at least one of the underlying acts is protected conduct, unless the allegations of protected conduct are merely incidental to the unprotected activity.'"

The trial court granted the motion as to the individual defendants with respect to all but six claims that the court found would likely succeed on the merits. The court denied the motion as to the City and the city council. (The parties agree that the individual defendants are no longer involved in the litigation, so we do not discuss them further.) As to the municipal defendants, the trial court concluded that the "conduct in question—the enactment of legislation *by a public body*—is not subject to protection under the anti-SLAPP." The court reasoned that "a contrary rule would likely render all lawsuits against public entities based on their governing bodies' votes subject to anti-SLAPP litigation, a chilling effect the Legislature and courts have not countenanced."

DISCUSSION

The municipal defendants challenge the trial court's conclusion that Vacation Rental's claimed injuries arose from the enactment of Ordinance 1174 and thus did not constitute protected activity. The municipal defendants contend that Vacation Rental's claims instead arise from the municipal defendants' changed policy concerning the value of having short-term rentals in the City and from how the city council voted and expressed itself. We are not persuaded.

"The anti-SLAPP statute enables courts, early in litigation, to strike meritless claims in lawsuits when those claims risk chilling 'continued participation in matters of public significance.' (§ 425.16, subd. (a); see *id.*, subds. (b)(1), (f).) 'A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the

court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim.' (*Id.*, subd. (b)(1).) Thus, when a defendant seeks to strike a plaintiff's claim under the anti-SLAPP statute there are two inquiries: First, does the claim call for the anti-SLAPP statute's protections? Second, if so, does it have sufficient merit?" (*Serova v. Sony Music Entertainment* (2022) 13 Cal.5th 859, 871.)

We independently review an order granting a motion to strike under section 425.16. (*Soukup v. Law Offices of Herbert Hafif* (2006) 39 Cal.4th 260, 269, fn. 3.)

At the first step of the anti-SLAPP analysis, we analyze whether the claims arise from protected activity. (*Bonni v. St. Joseph Health System* (2021) 11 Cal.5th 995, 1009 (*Bonni*).) "Conduct constitutes 'protected activity,' if it falls within one of the categories set out in" subdivision (e) of section 425.16 (section 425.16(e)). (*Laker v. Board of Trustees of California State University* (2019) 32 Cal.App.5th 745, 760; *City of Montebello v. Vasquez* (2016) 1 Cal.5th 409, 422 (*Vasquez*).) Protected activity therefore consists of "(1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law, (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law, (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest, or (4) any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest." (§ 425.16(e).) The moving defendant bears the burden of demonstrating

7

that the plaintiff's claims arise from the defendant's protected conduct. (*Laker*, *supra*, at p. 760.) "'The *only means* specified in section 425.16 by which a moving defendant can satisfy the requirement is to demonstrate that the defendant's conduct . . . falls within one of the four categories described in'" section 425.16(e). (*Vasquez*, *supra*, at p. 422, italics added.)

The municipal defendants have failed to carry that burden on appeal. As Vacation Rental correctly points out, the municipal defendants do not identify on appeal "the specific category in Section 425.16(e) on which [they] rel[y] to support [their] motion." Because that is "[t]he only means" by which the municipal defendants can prevail at the first step of the analysis (*Vasquez*, *supra*, 1 Cal.5th at p. 422), the municipal defendants have failed to carry their burden on appeal of demonstrating that the trial court erred by concluding that Vacations Rental's claims do not arise from protected activity.[3]

In any event, the claims at issue here do not arise from the municipal defendants' acts in furtherance of their right of free speech or petition in any of the four statutory categories. (§ 425.16, subd. (e)(1)-(4).) For purposes of the anti-SLAPP statute, "a claim is not subject to a motion to strike simply because it contests an action or decision that was arrived at following speech or petitioning activity, or that was thereafter communicated by means of speech or petitioning activity. Rather, a claim may be struck only if the speech or petitioning activity *itself* is the wrong complained of, and not just

---

[3] The municipal defendants' anti-SLAPP motion, like their appellate briefs, did not identify the category or categories of protected conduct in section 425.16(e) on which they meant to rely, but their reply in support of the motion did address the issue.

8

evidence of liability or a step leading to some different act for which liability is asserted." (*Park v. Board of Trustees of California State University* (2017) 2 Cal.5th 1057, 1060 (*Park*).)

In determining whether the claims arise from protected activity, we "'consider the elements of the challenged claim and what actions by the defendant supply those elements and consequently form the basis for liability.'" (*Bonni*, *supra*, 11 Cal.5th at p. 1009.) In cases involving mixed causes of action—"that is, a cause of action that rests on allegations of multiple acts, some of which constitute protected activity and some of which do not"—"the moving defendant must identify the acts alleged in the complaint that it asserts are protected and what claims for relief are predicated on them. In turn, a court should examine whether those acts are protected and supply the basis for any claims." (*Id.* at p. 1010.) In *Bonni*, the Supreme Court held that this approach applies even when the motion seeks to strike entire causes of action. (*Ibid.*) *Bonni* rejected the defendants' argument that in such cases courts should "consider whether the gravamen of the entire cause of action was based on protected or unprotected activity." (*Id*. at p. 1011.)

Our Supreme Court has repeatedly affirmed the principle that "'[a]cts of governance mandated by law, without more, are not exercises of free speech or petition.'" (*Park*, *supra*, 2 Cal.5th at p. 1064; *Vasquez*, *supra*, 1 Cal.5th at p. 425.) On appeal, the municipal defendants appear to concede that the city council's adoption and enactment of

9

Ordinance 1174 constituted an act of governance that is not protected activity under section 425.16(e).[4] (*Park*, at p. 1064.)

All of Vacation Rental's claims arise from acts of governance, so they do not arise from protected activity. The complaint seeks a writ of mandate and injunctive relief overturning Ordinance 1174 and prohibiting its enforcement, as well as a declaration that Ordinance 1174 violates plaintiffs' rights. The grounds for those claims for relief—the elements of plaintiffs' claims—are all features of Ordinance 1174 itself, such as that it is unconstitutionally vague and that it constitutes an unconstitutional taking. No protected act by the municipal defendants supplies any element of any claim alleged in the complaint. The trial court therefore correctly ruled that the claims do not arise from the municipal defendants' protected activity.

The municipal defendants' appellate briefs contain no intelligible argument to the contrary. In particular, the municipal defendants' briefs make no intelligible attempt to do what the Supreme Court in *Bonni* explained a moving defendant must do, namely, "identify the acts alleged in the complaint that it asserts are protected and what claims for relief are predicated on them." (*Bonni*, *supra*, 11 Cal.5th at p. 1010.) The municipal defendants' briefs do not identify any act by the municipal defendants that supplies any element of any claim in the complaint.

---

[4] In the anti-SLAPP motion, the municipal defendants argued to the contrary that "[e]very single cause of action in the Petition arises from the City's right, as a public agency, to enact legislation and every cause of action is based on the content of Ordinance 1174; this is protected speech."

For all of these reasons, we conclude that the municipal defendants did not carry their burden of demonstrating that Vacation Rental's claims arose from protected activity under section 425.16(e).  Because the municipal defendants did not carry their burden at the first step of anti-SLAPP analysis, we need not and do not address the second step.[5]  We conclude that the trial court did not err by denying the anti-SLAPP motion.

DISPOSITION

The order denying the municipal defendants' anti-SLAPP motion is affirmed. Vacation Rental shall recover its costs of appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ
J.

We concur:

CODRINGTON
Acting P. J.
SLOUGH
J.

---

[5]    We deny the municipal defendants' request that we take judicial notice of a minute order entered after the superior court's ruling on the anti-SLAPP motion.  (Evid. Code, §§ 452, subd. (d), 459, subd. (a).)  The evidence is not relevant to the first step of the anti-SLAPP analysis and thus is not relevant to any issue addressed on appeal.  (*People ex rel. Lockyer v. Shamrock Foods Co.* (2000) 24 Cal.4th 415, 422, fn. 2.)